UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

      Plaintiff,

v.                                  Case No: 2:18-cv-483-FtM-29CM

MACHELLE JEAN SIMON and
MELISSA STACK,

      Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff Metropolitan Life Insurance Company's Motion for Entry of Clerk's Default filed on October 18, 2018. Doc. 12. Plaintiff seeks entry of a Clerk's default against Defendant Machelle Jean Simon ("Simon"). *Id.* at 1. For the reasons stated below, the motion is granted.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Under Rule 4, a party may timely waive service and proof of service is not required upon the filing of the executed waiver. Fed. R. Civ. P. 4(d).

Under Rule 12, a party who timely has waived service must serve an answer within 60 days after the request for waiver was sent. Fed. R. Civ. P. 12(a)(1)(A)(ii); *see* Fed. R. Civ. P. 4(d)(3).

Here, Plaintiff filed a Complaint on July 11, 2018 and filed a waiver of service executed by Simon on August 7, 2018. Docs. 1, 7. Simon executed the waiver on August 3, 2018. Doc. 7. By signing and returning the waiver, Simon "agree[d] to save the expense of serving a summons and complaint in this case[,]" and "waive[d] any objections to the absence of a summons or of service." *Id.* Simon also acknowledged that she must file an answer or a motion under Rule 12 within sixty (60) days from July 23, 2018, and her failure to do so may result in a default entered against her. *Id.* Pursuant to the waiver, Simon was required to respond to the Complaint on or before September 21, 2018. *Id.*; Doc. 12 at 1. To date, Simon has not responded to the Complaint. Thus, the Court finds that entry of a Clerk's default is appropriate because Simon has not responded to the Complaint within the time permitted under Rule 12(a)(1)(A)(ii).

ACCORDINGLY, it is

**ORDERED:**

1. Plaintiff Metropolitan Life Insurance Company's Motion for Entry of Clerk's Default (Doc. 12) is **GRANTED**.

2. The Clerk is directed to enter a Clerk's Default against Defendant Machelle Jean Simon.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of October, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Pro se parties