UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

      Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No: 2:18-cv-483-FtM-29CM

MACHELLE JEAN SIMON and
MELISSA STACK,

      Defendants.

## ORDER

This matter comes before the Court upon review of Defendant Machelle Jean Simon's Unopposed Motion to Set Aside Default filed on November 8, 2018. Doc. 17. Plaintiff Metropolitan Life Insurance Company ("MetLife") does not oppose the motion. *Id.* at 4. For the reasons stated below, the motion is granted.

Plaintiff filed a Complaint for Interpleader on July 11, 2018 against Defendants Simon and Melissa Stack pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, and Rule 22 of the Federal Rules of Civil Procedure. Doc. 1 ¶¶ 1-6. The Complaint alleges, in summary, that an individual covered by a MetLife policy died on June 11, 2017. *Id.* ¶ 13. Stack was originally listed as the contingent beneficiary under the policy, but around April or May of 2017, the decedent changed the policy to make Simon the new beneficiary, and Stack claims Simon used coercion and undue influence to induce the decedent to change the beneficiary designation. *Id.* ¶¶ 7-15. MetLife requests that the Court determine

which beneficiary designation should control, and thus whether Simon or Stack gets the benefits payout. *See id.* ¶¶ 20-24.

MetLife returned a Waiver of Service signed by Simon on August 7, 2018, and moved for a Clerk's Default on October 18, 2018. Docs. 7, 13. The Court granted the motion, finding Simon executed the waiver and acknowledged she was required to respond to the Complaint by September 21, 2018, and failed to do so. Doc. 13 at 2. On November 8, 2018, Simon filed an Answer to the Complaint and cross-claim against Stack, and her attorney filed a limited notice of appearance. Docs. 15, 16. Simon filed the present motion on the same day. Doc. 17. The motion states Simon was under the impression that she would receive more information after signing the waiver before she needed to respond to the Complaint. *Id.* at 1. Once she became aware this was not the case, she acted promptly to file an answer and cross-claim. *Id.*

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Not susceptible to a precise definition or formula, the Eleventh Circuit has labeled "good cause" as a "liberal" and "mutable" standard, and one that varies from situation to situation. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014); *Compani Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Nevertheless, "the standard must be construed to have substance." *Perez*, 774 F.3d at 1337 n.7. Courts generally evaluate various factors, such as: "whether the default was culpable or willful, whether setting it aside

would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A.*, 88 F.3d at 951 (citation omitted); *see also Perez*, 774 F.3d at 1337 n.7. If circumstances warrant, courts also examine other factors, "including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Compania Interamericana Exp.-Imp., S.A.*, 88 F.3d at 951 (citation omitted). The Eleventh Circuit "strive[s] to afford a litigant his or her day in court, if possible," and has expressed a "strong preference that cases be heard on the merits." *Perez*, 774 F.3d at 1342; *see also Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits.") (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984)).

Here, based on the representations of Simon and her counsel, the Court finds good cause to set aside the Clerk's Entry of Default (Doc. 14). Simon's default was not willful, and Simon acted promptly to set aside the Clerk's Default once she became aware that she would not be receiving the Complaint or further information about the case in the mail before needing to act. *See* Doc. 17 at 1. Simon also promptly filed her answer and cross-claim, and she has meritorious defenses and cross-claims in the case. *See id.*; Doc. 15. Finally, MetLife does not oppose the motion and thus it is unlikely MetLife will be prejudiced. Doc. 17 at 4.

ACCORDINGLY, it is

**ORDERED:**

1. Defendant Machelle Jean Simon's Unopposed Motion to Set Aside Default (Doc. 17) is **GRANTED.**

2. The Clerk's Entry of Default (Doc. 14) entered on October 22, 2018 is **VACATED** and **SET ASIDE.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of November, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* parties